IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ERIC WARD                                                                                                    PLAINTIFF

VS.                                                                              CIVIL ACTION NO.  4:12cv173-FKB

WARDEN FRANK SHAW, ET AL.                                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

      This matter is before the Court on the Motion to Dismiss for Failure to Exhaust Administrative Remedies, as filed by Defendants (Docket No. 38) in this action filed pursuant to 42 U.S.C. § 1983. The Plaintiff has filed a response opposing the Motion to Dismiss. The Court has also held an omnibus hearing in this matter.  At that hearing, the parties consented to have a United States Magistrate Judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

      In his filings, Plaintiff argues that he should be excused from the requirement of exhausting his administrative remedies.  He does not allege that he suffered any physical injury or ailment which would have prevented him from completing the Administrative Remedy Program.  Furthermore, Plaintiff admitted at the omnibus hearing that he did not exhaust his administrative remedies before filing this lawsuit.

      Plaintiff ignores statutory and case law which requires a prisoner to exhaust administrative remedies, regardless of the relief sought.  The relevant portion of 42 U.S.C.§ 1997e, as amended by the Prison Litigation Reform Act of 1995 (PLRA) states, as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000).  In Booth v. Churner, 121 S.Ct. 1819 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures.  Booth, 121 S.Ct. at 1825. The United States Supreme Court further explained its position when it held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. See Porter v. Nussle, 122 S.Ct. 983 (2002); see also Jones v. Bock, 127 S.Ct. 910 (2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

The United States Court of Appeals for the Fifth Circuit has reiterated the principles found in these cases.  In Gonzales v. Seal, 702 F.3d 785 (5th Cir. 2012), the Fifth Circuit recognized that exhaustion of administrative remedies prior to suit is mandatory, and that district courts have no discretion to stay § 1983 prisoner cases when they are filed before prisoners have exhausted administrative remedies.  The Fifth Circuit concluded, as follows:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.  It is irrelevant whether exhaustion is achieved during the federal proceeding.  Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

Id. at 788.

Plaintiff admits that he has not exhausted his administrative remedies prior to bringing this suit, as is required by the PLRA, and he offers no valid reasons for his failure to exhaust.  He does not allege that he suffered from any ailment which prohibited him from pursuing

administrative remedies. See Ferrington v. Louisiana Department of Corrections, 315 F.3d 529 (5th Cir. 2002)(Plaintiff-inmate's blindness did not excuse him from exhausting administrative remedies.); see also Days v. Johnson, 322 F.3d 863 (5th Cir. 2003)(excusing non-exhaustion of administrative remedies because of physical injury and subsequent rejection of grievance due to untimeliness).  Moreover, his request for monetary damages does not excuse exhaustion. Porter v. Nussle, 122 S.Ct. 983, 988 (2002)("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." ) Exhaustion is now mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 739 (2001).

Although Plaintiff argues that Gonzales should not apply to him because, arguably, he filed his action before Gonzales was decided, that argument does not hold water.  In Gonzales, the Fifth Circuit merely recognized Supreme Court precedent existing several years before Ward filed this action.

Plaintiff's arguments against the MDOC's system of "backlogging" ARPs also fail to provide a basis to excuse his failure to exhaust administrative remedies.  Because the Fifth Circuit has recognized that a facility's procedure of "backlogging" ARPs is constitutional and does not excuse a prisoner's failure to exhaust, Plaintiff's allegations regarding the ARP system do not provide a basis for him to circumvent the ARP system.  Wilson v. Boise, 262 F.3d 1356 (5th Cir.)(unpublished), cert. denied, 122 S.Ct. 369 (U.S. 2001); see also White v. Epps, 2010 WL 2539659 (S.D. Miss. Mar. 3, 2010)(upholding MDOC's ARP backlogging system).

Accordingly, for these reasons, the undersigned hereby grants the Motion to Dismiss (Docket No. 38) and finds that this entire action should be dismissed without prejudice.

Plaintiff's pending motions to amend (Docket Nos. 23, 29, and 34) are denied as moot. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

    SO ORDERED, this the 23rd day of September, 2013.

                                              /s/ F. Keith Ball
                                        UNITED STATES MAGISTRATE JUDGE